UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALBERTO FERNANDO MANFREDI, et al., | Case No. 2:25-cv-01294-DC-CSK |
|---|---|
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTIONS AS MOOT |
| v. | (ECF Nos. 21, 22) |
| LAKELAND VILLAGE OWNERS ASSOCIATION, et al., | FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| Defendants. | (ECF Nos. 6, 9) |

Pending before the Court are the following four motions: (1) a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Vacasa, LLC, Len Cavanaugh, and Annalisa Babich (ECF No. 6); (2) a Rule 12(b)(6) motion to dismiss filed by Defendants Lakeland Village Owners Association, Gary Cerio, J. Michael Benson, Allen Gribnau, Carol Mcinnes, Ron Armijo, Bonnie Boswell, Michael Johnston, Felix Wannenmacher, Stephen, the Helsing Group, Andrew Hay, and Steve Seal (ECF No. 9); (3) a motion to amend the complaint filed by Plaintiffs Alberto Fernando Manfredi and Melissa Leigh Manfredi (ECF No. 21); and (4) a motion to sever and remand filed by Plaintiffs (ECF No. 22). Briefing is closed for all motions. Pursuant to Local Rule 230(g), the Court submitted the motions to dismiss upon the record and briefs

1

without argument and vacated the July 8, 2025 hearing. 6/12/2025 Order (ECF No. 13). Pursuant to Local Rule 230(g), the Court also submits Plaintiffs' motion to amend and motion to sever and remand upon the record and briefs without argument and vacates the November 4, 2025 hearing. For the reasons that follow, the Court recommends GRANTING Defendants' motions to dismiss the Complaint with leave to amend. The Court ORDERS that Plaintiffs' motion to amend and motion to sever and remand are DENIED as moot.

I.   **BACKGROUND**

   A.   Facts[1]

Plaintiff Alberto Manfredi is a retired veteran and "has been medically retired with a 100% disability rating from the United States military due to" military service-related injuries, including "previous myocardial infarction[,] reliance on an implanted cardiac defibrillator, Post-Traumatic Stress Disorder (PTSD)[, and] Traumatic Brain Injury (TBI), which can [e]ffect balance." Compl. ¶ 35 (ECF No. 3-1). Plaintiff Alberto's "disabilities have caused physical impairments that substantially limit several major life activities." *Id*. Plaintiff Melissa Manfredi is Plaintiff Alberto's caregiver. *Id.* Plaintiffs appear to bring this action as individuals and "on behalf of others similarly situated." *Id*. ¶¶ 173, 176.

In 2019, Plaintiffs purchased a condominium in Lakeland Village Property, located at 3535 Lake Tahoe Boulevard, South Lake Tahoe, CA, 96159 ("Subject Property"). Compl. ¶¶ 30, 34. In 2022, Plaintiffs made the Subject Property their full-time residence. *Id.* ¶¶ 34. The Complaint alleges in February 2024, Defendant Lakeland Village Owners Association ("Lakeland Village") removed the luggage carts from the lodge parking garage and when asked by Plaintiff Alberto to return the luggage carts as a reasonable accommodation for his disability, Defendant Lakeland Village denied his request.

---

[1] These facts primarily derive from the Complaint (ECF No. 3-1), which are construed in the light most favorable to Plaintiffs as the non-moving parties. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

*Id*. ¶ 38. The Complaint further alleges Defendants Vacasa, LLC, Len Cavanaugh, and Annalisa Babich's (collectively "Vacasa Defendants") discriminated against "Plaintiff and against other disabled individuals" by refusing access to luggage carts from 2024 to 2025. *Id*. ¶¶ 75, 121-166. The Complaint alleges as a direct result of his request being denied, Plaintiff[2] experienced a partially collapsed lung and severe influenza. *Id.* ¶ 38.

The Complaint further generally alleges that Defendant Lakeland Village has committed multiple violations of the Americans with Disabilities Act ("ADA") with "malice and ill intent" as "a pattern of harassment." Compl. ¶ 45. Plaintiffs allege the pattern of harassment and retaliation began after attempting to make Defendant Lakeland Village aware that the contractors it hired were providing inadequate work on the Subject Property. Compl. ¶ 51. Plaintiffs further allege Defendants have "personally denigrated Plaintiffs in Association meetings," have advocated for rule changes that adversely affect Plaintiffs, denied "Plaintiff's request for ADA accommodations," "selectively enforced rules against Plaintiff, and slandered and libeled Plaintiff in public." Compl. ¶ 48; *see also id*. ¶¶ 50, 52, 55-62. Plaintiffs further allege Defendant Lakeland Village has prioritized beautification projects over maintenance or required ADA projects on the Subject Property since 2010. Compl. ¶¶ 63-66, 73-74.

The Complaint also alleges Defendants Gary Cerio, J. Michael Benson, Allen Gribnau, Carol Mcinnes, Ron Armijo, Bonnie Boswell, Michael Johnston, Felix Wannenmacher, and Stephen Crinnion (collectively "Lakeland Village Board of Directors") are jointly and severally liable as each Defendant served as a board member for Defendant Lakeland Village's Board of Directors during the relevant time period. Compl. ¶¶ 40-43. Plaintiffs allege Defendants Helsing Group, Andrew Hay, and Steve Seal (collectively "Helsing Defendants") are also jointly and severally liable as property management for Defendant Lakeland Village. *Id*. ¶¶ 40-42.

---

[2]   The Complaint references throughout "Plaintiff" without identifying the individual Plaintiff. *See generally* Compl. It is not entirely clear which allegations relate to which Plaintiff.

The Complaint raises a myriad of causes of actions that are categorized in the following seventeen (17) categories: (1) denial of "reasonable accommodations in violation of 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a), the Fair Housing Amendments Act of 1988 (FHAA), 42 U.S.C. § 3601 *et seq*. and the Cal. Code of Regulations, Title 2, Section 12178(a) and the California Code of Regulations, Title 2, § 12176, *et seq*.;" (2) failure to allocate funds for ADA improvements in violation of "[t]he [ADA], Title III, 42 U.S.C.§ 2101 *et seq*. and [t]he [CDPA] California Civil Code and the 2022 California Building Code Section 11B-202.4;" (3) failure "to construct an accessible entrance at the main arrival site of the property in violation of "[the ADA], Title III, 42 U.S.C.§ 2101 *et seq*. and [t]he [CDPA] California Civil Code and the 2022 California Building Code Section 11B-202.4;" (4) failure "to [i]nstall [p]assing [s]paces in a [p]ublic [w]alkway in violation of 42 U.S.C. 12204 and DOJ Standards for Accessible Design Section 403.5.3 and California Code of Regulations, Title 2, § 12176 *et seq* the [ADA]. Title III, .42 U.S.C. § 12182 *et seq* and California 's Unruh Civil Rights Act, Cal. Civ. § 51, *et seq*. and the [CDPA] and the California Civil Code § 54, *et seq*. and the [CDPA], California Civil Code § 55, *et seq*. and the [FHAA] and 42 U.S.C. § 3601 *et seq*. and the California Code of Regulations, Title 2, § 12176 *et seq*.; (5) failure to install adequate ADA parking spaces in violation of "DOJ 2010 ADA Standards in Accessibility and Design, Chapter 2, Section 208 *et seq*. and the [ADA], Title III, 42 U.S.C. § 12182 *et seq*. and California's Unruh Civil Rights Act, Cal. Civ. § 51, *et seq*. and the [CDPA], California Civil Code § 54, *et seq*., and the [CDPA] California Civil Code § 55, *et* [*seq*.] and the [FHAA]*,* 42 U.S.C. § 3601 *et seq*.;" (6) failure to maintain elevators in violation of "DOJ 2010 ADA Standards in Accessibility and Design, Chapter 2, Section 206.6 Elevators and the [ADA], Title III, 42 U.S.C. § 12182 *et seq*. and California's Unruh Civil Rights Act, Cal. Civ. § 51, *et seq*. and the [CDPA], California Civil Code § 54, *et seq*., and the [CDPA] California Civil Code § 55, *et* [*seq*.] and the [FHAA]*,* 42 U.S.C. § 3601 *et seq*.;" (7) failure to maintain pools and spas in violation of "DOJ 2010 ADA Standards in Accessibility and Design, Chapter 2, Section 407 *et seq*. and the [ADA], Title III,

4

42 U.S.C. § 12182 *et seq*. and California's Unruh Civil Rights Act, Cal. Civ. § 51, *et seq*. and the [CDPA], California Civil Code § 54, *et seq*., and the [CDPA] California Civil Code § 55, *et* [*seq.*] and the [FHAA], 42 U.S.C. § 3601 *et seq*.;" (8) "ADA assigned accessible parking space;" (9) failure to grant "Plaintiff's" request for reasonable accommodations in violation of " 42 U. S. C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a) and the [FHAA], 42 U.S.C. § 3601 *et seq*. and the Cal. Code of Regulations, Title 2, Section 12178(a) and the California Code of Regulations, Title 2, § 12176 *et seq*.;" (10) failure to grant "Plaintiff's" request for reasonable accommodations in violation of " 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a) and the [FHAA], 42 U.S.C. § 3601 *et seq*. and the Cal. Code of Regulations, Title 2, Section 12178(a) and the California Code of Regulations, Title 2, § 12176 *et seq*.;" (11) failure to grant "Plaintiff's" request for reasonable accommodations in violation of "42 U. S. C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a) and the [FHAA], 42 U.S.C. § 3601 *et seq*. and the Cal. Code of Regulations, Title 2, Section 12178(a) and the California Code of Regulations, Title 2, § 12176 *et seq*.;" (12) failure to grant "Plaintiff's" request for reasonable accommodations in violation of "42 U. S. C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a) and the [FHAA], 42 U.S.C. § 3601 *et seq*. and the Cal. Code of Regulations, Title 2, Section 12178(a) and the California Code of Regulations, Title 2, § 12176 *et seq*.;" (13) failure to grant "Plaintiff's" request for reasonable accommodations in violation of "42 U. S. C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a) and the [FHAA], 42 U.S.C. § 3601 *et seq*. and the Cal. Code of Regulations, Title 2, Section 12178(a) and the California Code of Regulations, Title 2, § 12176 *et seq*.;" (14) failure to grant "Plaintiff's" request for reasonable accommodations in violation of "42 U. S. C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a) and the [FHAA], 42 U.S.C. § 3601 *et seq*. and the Cal. Code of Regulations, Title 2, Section 12178(a) and the California Code of Regulations, Title 2, § 12176 *et seq*.;" (15) failure to grant "Plaintiff's" request for reasonable accommodations in violation of "42 U. S. C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a) and the [FHAA], 42 U.S.C. § 3601 *et seq*. and the Cal. Code of Regulations, Title 2, Section 12178(a) and the California Code of

Regulations, Title 2, § 12176 *et seq*.;" (16) failure to grant "Plaintiff's" request for reasonable accommodations in violation of "42 U.S. C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a) and the [FHAA], 42 U.S.C. § 3601 *et seq*. and the Cal. Code of Regulations, Title 2, Section 12178(a) and the California Code of Regulations, Title 2, § 12176 *et seq*.;" and (17) harassment, intimidation and retaliation in violation of the California Bane Act pursuant to California Civil Code § 52.1. Compl. ¶¶ 79-171. It is not entirely clear from the review of the Complaint which claims are brought against which Defendants, and which Plaintiff is referenced. *See id*. For relief, Plaintiffs seek monetary damages, injunctive relief, and other forms of relief. Compl. at 45-46.

### B. Procedural Posture

Plaintiffs initiated this action in El Dorado County Superior Court against Defendants on March 24, 2025. *See* Compl. On May 5, 2025, Vacasa Defendants removed this action on the basis of federal question. Vacasa Defs. Removal (ECF No. 1). On May 12, 2025, Vacasa Defendants filed the pending motion to dismiss, setting it for a June 17, 2025 hearing before the undersigned. Vacasa Defs. Mot. (ECF No. 6.) On May 23, 2025, Defendants Lakeland Village, Lakeland Village Board of Directors, and Helsing Defendants (collectively "Lakeland Defendants") filed the pending motion to dismiss, setting it for a July 8, 2025 hearing before the undersigned. Lakeland Defs. Mot. (ECF No. 9). Plaintiffs did not respond to the motions. *See* Docket.

On June 2, 2025, the Court issued an order directing Plaintiffs to show cause in writing why the Court should not construe Plaintiffs' failure to file a timely opposition to Vacasa Defendants' motion as a non-opposition and why this action should not be dismissed for failure to prosecute. 6/2/2025 Order to Show Cause (ECF No. 11) (citing E.D. Cal. L.R. 110; Fed. R. Civ. P. 41(b)). The Court also reset Vacasa Defendants' motion hearing date to July 8, 2025 so that it may be heard in conjunction with Lakeland Defendants' motion. *Id*. Plaintiffs did not respond. *See* Docket.

On June 12, 2025, the Court issued an order directing Plaintiffs to show cause in writing why the Court should not construe Plaintiffs' failure to file a timely opposition to

Lakeland Defendants' motion as a non-opposition and why this action should not be dismissed for failure to prosecute. 6/12/2025 Order to Show Cause (ECF No. 12) (citing E.D. Cal. L.R. 110; Fed. R. Civ. P. 41(b)). Plaintiffs did not respond. *See* Docket. On the same day, the Court also took Vacasa Defendants' and Lakeland Defendants' motions to dismiss under submission on the papers, without oral argument, and vacated the July 8, 2025 hearing. 6/12/2025 Order.

On June 20, 2025, Plaintiffs filed a response to the Court's June 12, 2025 Order to Show Cause, an opposition to Defendants' motions, and three miscellaneous motions for relief, including a motion to continue the hearing on Defendants' motion, a motion to appear by video conference, and a motion to e-file. *See* ECF No. 14-18. On June 30, 2025, Defendants filed a joint reply to Plaintiffs' opposition. Defs. Jt. Reply (ECF No. 19). On July 2, 2025, Plaintiffs filed a sur-reply. (ECF No. 20.)

On August 27, 2025, the Court discharged its June 2, 2025 and June 12, 2025 Orders to Show Cause due to the filing of Plaintiffs' opposition to the motions. 8/27/2025 Order (ECF No. 25). The Court further found briefing on the pending motions was complete based on Defendants' joint reply to Plaintiffs' opposition and that no further briefing would be permitted. *Id.* The Court also denied as moot Plaintiffs' motions to continue the motions hearing and to appear by video conference. *Id.*

On August 19, 2025, Plaintiffs filed a motion for leave to file a first amended complaint and motion to sever and remand their claims.[3] (ECF Nos. 21, 22.) On August 21, 2025, the Court notified Plaintiffs that their motions were deficiently noticed and must be re-noticed in compliance with Local Rule 230(b). 8/21/2025 Order (ECF No. 24). On September 15, 2025, Plaintiffs filed a notice to reschedule their pending motions for a October 14, 2025 hearing before the undersigned. (ECF No. 29.) On September 18, 2025, Defendants Lakeland Village and Lakeland Village Board of Directors filed a

---

[3] The Court notes that amendment once as a matter of course is not available where Plaintiffs' proposed amended complaint was filed three months after the first motion to dismiss was filed. *See* Fed. R. Civ. P. 15(a)(1).

request to appear remotely at the hearing on Plaintiffs' motions. (ECF No. 30). On September 23, 2025, the Court issued an order notifying Plaintiffs the hearing date chosen for their pending motions was no longer available and was not in compliance with Local Rule 230(b). 9/23/2025 Order (ECF No. 31). On its own motion, the Court re-set the hearing on Plaintiffs' motions for November 4, 2025 and granted Defendants Lakeland Village and Lakeland Village Board of Directors' request to appear remotely. *Id.* Defendants filed oppositions to Plaintiffs' pending motions. (ECF Nos. 27, 28.) Plaintiffs did not file a reply. *See* Docket. Briefing is therefore closed and complete on Plaintiffs' pending motions.

## II.     LEGAL STANDARDS

### A.     Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.     Failure to Comply with Rule 8

Notice pleading in federal court requires that the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought, which may include relief in the alternative or different types of relief." The complaint must clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Each allegation must be simple, concise, and direct. *Id*. Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id*. at 1179. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id*.

### C. Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 171.

## III. DISCUSSION

Prior to addressing Defendants' motions to dismiss, the Court addresses a preliminary issue relating to Plaintiffs' attempts to represent others in pro se.

### A. Pro Se Plaintiffs Cannot Represent Other Individuals

Although not entirely clear from a review of the Complaint, it appears Plaintiffs are attempting to bring this action "individually and on behalf of others similarly situated[.]" Compl. ¶¶ 173, 176. If Plaintiffs are attempting to bring this action as a class action on behalf of others, this is improper as Plaintiffs are in pro se and cannot represent another individual. *See* Fed. R. Civ. P. 23(g) (requiring appointment of class counsel); E.D. Cal.

Local Rule 183(a) ("Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney."). Federal Rule of Civil Procedure 11(a) also require that if a party is not represented by an attorney, "[e]very pleading, written motion, and other paper must be signed" by the party personally. As such, the Court will disregard any allegations referencing other individuals not listed as named Plaintiffs in the Complaint.

### B. Defendants' Motions to Dismiss

Vacasa Defendants move to dismiss the entire Complaint pursuant to Federal Rule for Civil Procedure 12(b)(6) for failure to state a claim. Vacasa Defs. Mot. Lakeland Defendants also move to dismiss the entire Complaint pursuant to Rule 12(b)(6) for failure to comply with Rule 8 and for failure to state a claim. Lakeland Defs. Mot. Because the Court finds Plaintiffs' Complaint fails to meet Rule 8 pleading standards, the Court will not address Defendants' alternative grounds for dismissal.

Defendants argue the Complaint fails to comply with Rule 8 because it does not contain a "short and plaint statement" for each claim and the 89-page long Complaint includes "lengthy, repetitive, and often incoherent allegations" and fails to clearly identify specific legal claims and the factual basis for each claim. Lakeland Defs. Mot. at 6; *see also* Defs. Jt. Reply at 3-4. Defendants further argue the Complaint contains a laundry list of statutes, conclusory statements, and the "disorganized nature" of the pleadings deprives Defendants of fair notice and imposes an undue burden on Defendants and the Court to determine what claims Plaintiffs are seeking to raise. Lakeland Defs. Mot. at 6-7; *see also* Defs. Jt. Reply at 3-4.

On July 2, 2025, Plaintiffs filed a sur-reply without seeking or receiving leave of court to do so. (ECF No. 20.) Plaintiffs do not have a right to file a sur-reply under the Local Rules or the Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule 230(m). In addition, Defendants' joint reply did not raise any new arguments or evidence that would

justify granting a request to file a sur-reply. The Court therefore declines to consider Plaintiffs' sur-reply.

A complaint must give "the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry*, 84 F.3d at 1177. Here, the Complaint does not provide Defendants with fair notice of the claims and the grounds on which they rest. The allegations in the Complaint are confusing, conclusory and fail to provide sufficient specificity to identify who the claim is raised by and against whom. For example, the Complaint interchangeably uses "Plaintiffs" and "Plaintiff" throughout the pleading, which is confusing and makes unclear which Plaintiff is asserting a claim and/or whether the claim is being asserting on behalf of both Plaintiffs, leading the Court and Defendants to guess which Plaintiff is raising the particular cause of action. *See* Compl. ¶¶ 48, 58-62, 79, 121-127-131, 149-157, 160-171. The Complaint also alleges violations of a myriad of statutes without providing the basis for each of these claims and therefore fails to put Defendants on notice to allow them to respond intelligently. Even though the Complaint contains some factual elements of a cause of action, the elements are scattered throughout the 89-page long Complaint and are not organized in a "short and plain statement," making dismissal for failure to comply with Rule 8 proper. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming the dismissal of plaintiff's second amended complaint for failing to amend their "shotgun pleading to state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" and continuing to allege "everyone did everything" allegations."); *see also Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1074 (E.D. Cal. 2021) ("Broad allegations against numerous defendants are not specific enough to provide the defendants with notice of the plaintiffs' allegations.") (internal quotation marks and citation omitted)); *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) ("To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements

of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case."). Accordingly, the Court recommends Defendants' motion to dismiss be granted and the Complaint be dismissed.

### C. Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Leave to amend should be "freely given when justice so requires" absent any declared or apparent reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2).

The Court finds it appropriate to grant Plaintiffs an opportunity to amend the Complaint. Plaintiffs' motion to amend suggests that amendment would not be futile where Plaintiffs have demonstrated the ability to streamline their allegations from an 89-page long Complaint and not raise allegations on behalf of others while Plaintiffs remain unrepresented. *See* ECF No. 21. Plaintiffs will be provided an opportunity to amend their Complaint to the extent they can allege facts that sufficiently plead their claims. Plaintiffs are warned that conclusory and broad allegations are insufficient to meet Rule 8. Therefore, the Court recommends the Complaint be dismissed with leave to amend.

The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at

www.uscourts.gov/forms/pro-se-forms. The amended complaint filed should be titled "First Amended Complaint."

The amended complaint must not require the Court and the defendant to guess at what is being alleged against whom. *See McHenry*, 84 F.3d at 1177 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[] to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiffs are informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

### D. Plaintiffs' Motions to Amend, Sever, and Remand

Because the Court is recommending the Complaint be dismissed with leave to amend, the Court denies as moot Plaintiffs' motion to amend their complaint and motion to sever and remand. *See* ECF Nos. 21, 22.

### IV. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to amend (ECF No. 21) is DENIED as moot; and
2. Plaintiffs' motion to sever and remand (ECF No. 22) is DENIED as moot.

Further, based upon the findings above, it is HEREBY RECOMMENDED that:

1. Vacasa Defendants' motion to dismiss (ECF No. 6) be GRANTED;
2. Lakeland Defendants' motion to dismiss (ECF No. 9) be GRANTED; and
3. Plaintiffs be granted thirty (30) days from any order adopting these findings

and recommendations to file a First Amended Complaint consistent with the Court's order. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 24, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, manf1294.25