UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO FERNANDO MANFREDI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LAKELAND VILLAGE OWNERS ASSOCIATION, et al., <br><br> Defendants. | Case No. 2:25-cv-01294-DJC-CSK <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION <br><br> (ECF No. 43) |

Pending before the Court is Plaintiffs Alberto Fernando Manfredi and Melissa Leigh Manfredi's motion for reconsideration of the Court's August 27, 2025 Order denying Plaintiffs' motion for e-filing access.[1] (ECF No. 43.) For the reasons stated below, Plaintiffs' motion for reconsideration is DENIED.

A court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The choice to reconsider an order is left to the discretion of the court. *See id.* "A party seeking reconsideration must set forth facts

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

or law of a strongly convincing nature to induce the court to reverse a prior decision." *Brookins v. Hernandez*, 2020 WL 1923211, at *1 (E.D. Cal. Apr. 21, 2020); *see also* E.D. Cal. Local Rule 230(j) (requiring a party seeking reconsideration to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what grounds exist for the motion"). Plaintiffs argue the Court's denial of Plaintiffs' motion for access to the court's CM/ECF filing system imposes an unreasonable burden on Plaintiff Alberto Manfredi as a disabled veteran and creates a serious impediment to their effective access to justice. ECF No. 43 at 2. Plaintiffs further argue denial of access to the court's CM/ECF filing system constitutes a denial of reasonable accommodations pursuant to the Americans with Disabilities Act and due process and creates a procedural disadvantage compared to defense counsel's access to e-filing access. *Id*. at 2-3. Plaintiffs further argue denying e-filing access to Plaintiff Melissa Manfredi compounds the burden on Plaintiff Alberto Manfredi by forcing Plaintiff Melissa Manfredi to the same demanding manual filing processes. *Id*. at 3. Finally, Plaintiffs argue granting access to the court's CM/ECF filing system would promote judicial efficiency and fulfill the court's "duty" to ensure "proper" application of the Federal Rules of Civil Procedure and the Court's local rules to pro se parties. *Id*.

"Any person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." E.D. Cal. Local Rule 133(b)(2); *see also* E.D. Cal. Local Rule 183(c) ("Pro se parties are exempted from the requirement of filing documents electronically. Pro se parties must file documents conventionally, and any person appearing pro se may use electronic filing only with the permission of the assigned Judge."). The Court finds that Plaintiffs have not demonstrated a proper basis to reconsider its prior order denying Plaintiffs permission to electronically file documents. Plaintiffs present no new or different facts or circumstances "of a strongly convincing nature" that did not exist when Plaintiffs filed their initial motion for e-filing access. *See Brookins*, 2020 WL 1923211 at *1. Nor have Plaintiffs met the clear error, manifest injustice, or intervening change in the law standards. *See Smith*, 727 F.3d at 955. In

addition, Plaintiffs have demonstrated their ability to file documents without electronic access. *See* Docket. The Court does not find Plaintiffs have provided a basis to warrant an exception to the electronic filing rules. Therefore, Plaintiffs' motion for reconsideration is denied.

As previously stated in the Court's August 25, 2025 Order, Plaintiff Alberto Manfredi was granted electronic service of documents. 8/25/2025 Order. Electronic service of documents was not provided to Plaintiff Melissa Manfredi because she did not provide her email address. If Plaintiff Melissa Manfredi requests electronic service of documents, she may file a request with the Clerk of Court to receive service of documents at her email address. If Plaintiff Melissa Manfredi files such a request, the Clerk is directed to configure Plaintiff Melissa Manfredi's account so that she will receive immediate email notifications when documents are filed in the case. In doing so, Plaintiff Melissa Manfredi consents to receive service of documents electronically and will waive the right to receive service by first class mail under Federal Rule of Civil Procedure 5(b)(2)(D).

## ORDER

Accordingly, the Court ORDERS that:

1. Plaintiffs' motion for reconsideration (ECF No. 43) is DENIED; and
2. Plaintiff Melissa Manfredi may submit a request to the Clerk of Court to allow for electronic service by email, as instructed above.

Dated: December 1, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, manf1294.25